IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NEWPORT CLASSIC HOMES, L.P., and WESTERN RIM INVESTORS 2014-3, L.P., | § § § § § | |
| Plaintiffs, | § | |
| v. | § § | Case No. 4:16-CV-438 |
| (1) LOUISIANA-PACIFIC CORPORATION, (2) BRIDGEWELL RESOURCES, LLC, (3) RICHMOND INTERNATIONAL FOREST PRODUCTS, LLC, (4) MARTINEZ DORA d/b/a RNJ FRAMING SYSTEMS, and (5) GENESIS WORLDWIDE LOGISTICS, LLC, | § § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND**

The following are pending before the court:

1.  Plaintiffs' motion to remand (docket entry #9);

2.  Defendant Louisiana-Pacific Corporation's response to Plaintiffs' motion to remand (docket entry #10); and

3.  Plaintiffs' reply in support of their motion to remand (docket entry #12).

Having considered the Plaintiffs' motion and the responsive briefing thereto, the court finds that the motion should be **GRANTED**.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On May 11, 2016, the Plaintiffs filed the instant action in the 199th Judicial District Court of Collin County, Texas. The Plaintiffs (Texas limited partnerships) sued (1) Louisiana-Pacific

Corporation (an Oregon corporation), (2) Bridgewell Resources, LLC (an Oregon limited liability company), (3) Richmond International Forest Products, LLC (a Delaware limited liability company), (4) Martinez Dora d/b/a RNJ Framing Systems (a Texas organization), and (5) Genesis Worldwide Logistics, LLC (a Texas limited liability company). The Plaintiffs allege that the Defendants manufactured, supplied and installed Oriented Strand Board ("OSB") flooring in two of the Plaintiffs' properties.[1] The Plaintiffs further allege that over 600,000 square feet of the flooring was defective. The Plaintiffs additionally allege that the Texas Defendants who installed the flooring knew or should have known that the flooring was defective prior to installing the same. The Plaintiffs assert the following causes of action against all of the Defendants: violations of the Texas Deceptive Trade Practices Act; breach of the implied warranty of fitness for a particular purpose; breach of the implied warranty of merchantability; fraud; and fraud by non-disclosure. Additionally, the Plaintiffs assert a breach of contract cause of action against Defendant Martinez Dora d/b/a RNJ Framing Systems. All Defendants were served with process; however, only the diverse Defendants filed answers.

On June 24, 2016, Defendant Louisiana-Pacific Corporation filed its notice of removal. Defendants Bridgewell Resources, LLC and Richmond International Forest Products, LLC consented to the removal of this case to federal court. In the notice of removal, the Defendant stated that removal was proper because there was complete diversity among the properly joined parties and the amount in controversy exceeded $75,000. The Defendant further stated that the non-diverse Defendants were fraudulently joined pursuant to Rule 20 of the Federal Rules of Civil Procedure.

---

[1] The court accepts as true the facts contained in the Plaintiffs' original petition. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 198 (5th Cir. 2016).

Thereafter, on July 22, 2016, the Plaintiffs filed their motion to remand. In their motion to remand, the Plaintiffs contend that the Texas Defendants were not fraudulently joined. Accordingly, the Plaintiffs argue that the case should be remanded to state court, and they are entitled to their reasonable and necessary attorneys' fees.

On August 5, 2016, Defendant Louisiana-Pacific Corporation ("LP") filed its response, arguing that the Plaintiffs' claims against the Texas Defendants are barred by TEX. CIV. PRAC. & REM. CODE §82.003. Further, the Defendants contend that Defendant Martinez Dora d/b/a RNJ Framing Systems was misjoined. On August 15, 2016, the Plaintiffs filed a reply.

## LEGAL STANDARD

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "This is so because the federal court has original subject matter jurisdiction over such cases." *Id*. "The only caveat is that, when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper." *Id*.

"A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse." *Id*. Because Martinez Dora d/b/a RNJ Framing Systems and Genesis Worldwide Logistics, LLC are, in fact, nondiverse, only the latter option is relevant. *See id*. As the parties attempting to remove the Plaintiffs' action, the Defendants have the burden of establishing that the Plaintiffs have failed to state a claim against Martinez Dora d/b/a RNJ Framing Systems and Genesis Worldwide Logistics, Inc. *See id*. In doing so, the Defendants must demonstrate "'that there is no possibility of recovery

by the plaintiff against [a nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant.'" *Id*. at 199-200 (citations omitted).

"When deciding whether a nondiverse defendant has been improperly joined because the plaintiff has failed to state a claim against him, the court must apply the analysis articulated in our *en banc* opinion in *Smallwood v. Illinois Central Railroad Co.*: '[W]hether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant....'" *Id*. at 200, quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc). "In *Smallwood*, [the Fifth Circuit] recognized that '[t]here ha[d] been some uncertainty over the proper means for predicting whether a plaintiff ha[d] a reasonable basis of recovery under state law.'" *Id*., quoting *Smallwood, supra*. "The *Smallwood* opinion declared that '[a] court may resolve the issue in one of two ways,' the first of which is at issue here: 'The court may conduct a Rule 12(b)(6) – type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant,' elaborating that 'if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.'" *Id*., quoting *Smallwood, supra*. "'[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case.'" *Id*., quoting *Smallwood, supra*.

"It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to relief that is plausible on its face.'" *Id*., quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal

quotation marks omitted).

"Thus, in this context, defining the test for improper joinder must begin with the scope of diversity jurisdiction itself, to wit: If there is at least one nondiverse defendant, there is no federal diversity jurisdiction; if there is no nondiverse defendant, there is federal diversity jurisdiction." *Id*. at 202. "So, in a case that has been removed to federal court on the basis of diversity, the determinative question is whether – *under federal law* – a nondiverse defendant was improperly joined." *Id*.

"For the specific purposes of improper joinder, a nondiverse defendant has been improperly joined if the plaintiff has failed to state a claim against that defendant on which relief *may* be granted." *Id*. "Conversely, if the plaintiff has stated a claim against a nondiverse defendant on which relief *may* be granted, a federal court is without jurisdiction – more precisely, without *diversity* jurisdiction – over that claim and, by extension, over any claims." *Id*. "It follows, then, that if the plaintiff has proffered a claim against a nondiverse defendant on which the federal court *may not* grant relief, that court only has jurisdiction over claims asserted against the diverse defendants." *Id*. (citation omitted). "The federal court may not resolve the claim against a nondiverse defendant on the merits." *Id*.

## DISCUSSION AND ANALYSIS

### A. Genesis Worldwide Logistics, LLC

In the Plaintiffs' original petition, the Plaintiffs only refer to Defendant Genesis Worldwide Logistics, LLC once, substantively. That reference is contained in the following single sentence: "Newport also believes that Genesis and R and J [sic] knew or should have known that some of LP's products were defective prior to installing them on its project." PL. ORIG. PET., pp. 5-6, ¶ 15. As

noted by the Defendant, the Plaintiffs' state court petition cannot pass muster under FED. R. CIV. P. 12(b)(6) and *Twombly* because the petition does not contain enough facts to state a claim for relief that is plausible on its face with respect to Defendant Genesis Worldwide Logistics, LLC. Accordingly, the court finds that Defendant Genesis Worldwide Logistics, LLC was improperly joined because the Plaintiffs failed to state a claim against Defendant Genesis Worldwide Logistics, LLC on which relief may be granted.

    **B.**    **Martinez Dora d/b/a RNJ Framing Systems**

In the Plaintiffs' original petition, the Plaintiffs only refer to Defendant Martinez Dora d/b/a RNJ Framing Systems ("RNJ") once, substantively, in the factual portion of the petition. That reference is contained in the following single sentence: "Newport also believes that Genesis and R and J [sic] knew or should have known that some of LP's products were defective prior to installing them on its project." PL. ORIG. PET., pp. 5-6, ¶ 15. Additionally, the Plaintiffs included Defendant RNJ, collectively, in all causes of action. Finally, the Plaintiffs solely sued Defendant RNJ in a breach of contract claim, providing the following:

> 53.    Newport incorporates and re-alleges the allegations set forth above.
>
> 54.    There is a valid, enforceable contract.
>
> 55.    Newport is a proper party to sue for breach of the contract.
>
> 56.    Newport performed, tendered performance of, or was excused from performing its contractual obligations. Defendant had a duty to install OSB on the project in a good and workman like manner and unfortunately, Defendant was negligent and knew or should have known that some if not all of LP's OSB was defective prior to installation.
>
> 57.    The Defendant breached the contract.
>
> 58.    The Defendant's breach caused Newport injury.

PL. ORIG. PET., p. 10, ¶¶ 53-58.

The Defendant argues that the Plaintiffs' claims against RNJ, with the exception of the breach of contract claim, are barred by TEX. CIV. PRAC. & REM. CODE §82.003. It is clear that the Plaintiffs' claims for violations of the Texas Deceptive Trade Practices Act, breach of the implied warranty of fitness for a particular purpose, breach of the implied warranty of merchantability, fraud, and fraud by non-disclosure constitute a products liability action which is defined as "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." TEX. CIV. PRAC. & REM. CODE §82.001(2); *see Casas v. Tire Corral, Inc.*, 2005 WL 6773889, *2 (S.D. Tex. 2005).

Section 82.003(a) of the Texas Civil Practice and Remedies Code provides that "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves . . ." one of seven exceptions. TEX. CIV. PRAC. & REM. CODE §82.003(a); *see Casas*, 2005 WL 6773889, at *3. Since the facts alleged in the petition are sparse, it is unclear to the court if any of the exceptions apply to RNJ. However, the court need not resolve this issue in light of the Plaintiffs' breach of contract claim against RNJ.

The Defendant next argues that the Plaintiffs misjoined RNJ. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006). "A party . . . can be improperly joined without being fraudulently joined." *Id*. "Under federal law, defendants are properly joined if (1) 'there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences' and (2) 'any

question of law or fact common to all defendants will arise in the action.'" *Id*., quoting FED. R. CIV. P. 20(a). "If these requirements are not met, joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants." *Id*. (citation omitted).

The Defendant contends that the Plaintiffs failed to allege in their petition any specific allegations that RNJ manufactured, sold, or altered the OSB, or made any misrepresentations regarding the OSB. Further, the Defendant argues that whether RNJ negligently performed its contractual duties in installing the OSB is separate and distinct from the Plaintiffs' products liability action against LP. As such, the Defendant contends that the Plaintiffs included the breach of contract claim against RNJ to defeat diversity jurisdiction.

In response, the Plaintiffs argue that the breach of contract claim against RNJ directly involves and arises from the same set of facts that is the basis of this lawsuit, to wit, the condition of the OSB flooring. The Plaintiffs pled that RNJ was negligent and knew or should have known that some if not all of LP's OSB was defective prior to installation. The Plaintiffs contend that (1) RNJ had a contractual duty not to install defective flooring, (2) RNJ knew or should have known the flooring was defective, and (3) RNJ installed the defective flooring with knowledge of the defect.

The court finds that the Plaintiffs' state court petition passes muster under FED. R. CIV. P. 12(b)(6) and *Twombly* because the petition contains sufficient facts to state a claim for breach of contract against RNJ that is plausible on its face. The court further finds that the Plaintiffs' breach of contract claim against RNJ and the remaining products liability claims arise out of the same transaction or occurrence. *Crockett*, 436 F.3d at 533. Additionally, there are common questions of law and fact with respect to the Plaintiffs' breach of contract claim against RNJ and the remaining

products liability claims. *Id.* Accordingly, the court finds that Defendant RNJ was properly joined, thereby defeating diversity jurisdiction.

## CONCLUSION

Based on the foregoing, the Plaintiffs' motion to remand (docket entry #9) is hereby **GRANTED**. The clerk of court shall **REMAND** this case to the 199th Judicial District Court of Collin County, Texas. The Plaintiffs request for attorneys' fees and costs is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 31st day of March, 2017.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE